U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JUN - 7 2017

CLE...    ...OURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NOEL ESPINOZA-SANTOS,          §
                               §
         Movant,               §
                               §
VS.                            §   NO. 4:17-CV-340-A
                               §   (NO. 4:15-CR-077-A)
UNITED STATES OF AMERICA,      §
                               §
         Respondent.           §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Noel Espinoza-Santos ("Espinoza") to vacate, set aside, or correct judgment under 28 U.S.C. § 2255. Having reviewed the motion, the government's response, Espinoza's reply, and applicable legal authorities, the court concludes that the motion should be denied.[1]

I.

Background

On June 5, 2015, Espinoza pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1)/(2). CR Doc.[2] 32. He was sentenced to a term of imprisonment of 130 months. Id. The United States Court of

---

[1] Espinoza is not entitled to an evidentiary hearing, Sanders v. United States, 373 U.S. 1, 20 (1963), and none is necessary.

[2] The "CR Doc. _" references are to the number of the item on the docket in the underlying criminal action No. 4:15-CR-077-A.

Appeals for the Fifth Circuit affirmed Espinoza's judgment on appeal, CR Doc. 42, and the Supreme Court denied certiorari, CR Doc. 48.

The government does not dispute that Espinoza has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Grounds of the Motion

Espinoza asserted two grounds in support of his motion. First, Espinoza alleged that counsel was ineffective for failing to move to strike Espinoza's Truth Affidavit on the ground it was filed by a represented party. Doc.³ 1 at 5. Second, Espinoza claimed that counsel was ineffective for failing to advise him against pursuing correction of his date of illegal reentry without (or until he obtained) sufficient buttressing evidence to mitigate the risk of an obstruction enhancement. Id. at 6.

---

³The "Doc. _" references are to the number of the item on the docket in this action.

III.

Analysis

A. Pertinent Legal Principles

1. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

3

2. <u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Missouri v. Frye</u>, 566 U.S. 133, 146-50 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is whether counsel's

4

representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.  The Grounds of the Motion are Without Merit

   1.  Ground One

Espinoza alleged that counsel was ineffective because counsel failed to move to strike Espinoza's Truth Affidavit on the ground that it was filed by a represented party. Had the Truth Affidavit been stricken, Espinoza argued it was likely that he would not have received an obstruction of justice enhancement and would have received a reduction in offense level for acceptance of responsibility, thus lowering his sentence. However, even had counsel moved to strike the Truth Affidavit, there was not a substantial likelihood that Espinoza's sentence would have been reduced. Espinoza cited no authority, and the court is aware of none, that would have precluded the court from basing the obstruction of justice enhancement on the Truth Affidavit even if counsel had filed a motion to strike it. Also, Espinoza has failed to show that counsel's actions were objectively unreasonable. Espinoza did not allege that he instructed counsel to file a motion to strike. And, at all times, Espinoza has represented that the allegations in the Truth

5

Affidavit are true, giving counsel valid grounds for not filing a motion to strike. Considering all the circumstances, the court finds that counsel's conduct falls well within the wide range of reasonable professional assistance afforded under Strickland. 466 U.S. at 689. Espinoza's arguments do not rise to the high bar of demonstrating ineffective assistance of counsel. See id.

2. Ground Two

Espinoza also argued that counsel was ineffective for failing to advise him against pursuing correction of his date of illegal reentry without (or until he obtained) sufficient buttressing evidence to mitigate the risk of an obstruction enhancement. The record clearly refutes Espinoza's claim. Counsel told Espinoza not to file anything without first asking counsel. CR Doc. 39 at 19. Espinoza filed the Truth Affidavit anyway. Id. Then, in light of Espinoza's insistence on the Truth Affidavit's veracity, counsel advised Espinoza and his mother to testify at sentencing to prove the substance of the Truth Affidavit. Similar to the first ground, Espinoza has failed to show that counsel's actions were objectively unreasonable considering all the circumstances. Moreover, as the government observed, Espinoza failed to show a substantial likelihood of a different result had counsel advised Espinoza and his mother not to testify, as the court found that Espinoza obstructed justice by making materially

false statements both in his Truth Affidavit and during his sentencing testimony. CR Doc. 39 at 26-27, 34-35.

## IV.

## Order

Therefore,

The court ORDERS that Espinoza's motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 7, 2017.

_____
JOHN MCBRYDE
United States District Judge